UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESTCHESTER FIRE INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | |
| **THE SHAW GROUP, INC., ET AL.** | **NO. 19-609-JWD-RLB** |

**O R D E R**

The court *sua sponte* notes the potential insufficiency of the plaintiff's allegation of the citizenship of the parties as follows: A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business[1] of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The Complaint provides the "domicile address" of various corporate entities. The principal place of business, however, of **The Shaw Group, Inc., Shaw Management Services One, Inc., Shaw Maintenance Inc., and Stone and Webster, Inc.** is not provided. Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **September 30, 2019**, the plaintiff shall file an amended complaint providing the citizenship of defendant **The Shaw Group, Inc., Shaw Management Services One, Inc., Shaw Maintenance Inc., and Stone and Webster, Inc.**, by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on September 19, 2019.

                                                        **RICHARD L. BOURGEOIS, JR.**
                                                        **UNITED STATES MAGISTRATE JUDGE**

---

[1] The phrase "principal place of business" in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).